UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:08-cv-00166-JHM-ERG

MICHAEL W. HUMBLE                                                              PLAINTIFF

V.

SANDEEP S. GILL and
NEW MALWA EXPRESS, INC.                                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant New Malwa Express, Inc.'s ("New Malwa") motion to dismiss or quash the summons for failure of service of process pursuant to Fed. R. Civ. P. 12(b)(5). [DN 5]. Fully briefed, the matter is ripe for decision. For the reasons that follow, Defendant's motion is **GRANTED**.

### I. FACTS

Michael W. Humble ("Humble") filed a complaint in Hart Circuit Court on October 3, 2008, alleging that Sandeep S. Gill, an employee of New Malwa, caused him injury by negligently operating a commercial vehicle on a Kentucky highway. Humble further alleged that New Malwa was responsible for the negligent acts of its employee and was liable for any injury caused to him by Gill. The complaint directed the Kentucky Secretary of State to serve process on New Malwa at its place of business in Mississauga, Ontario, Canada, pursuant to Kentucky's Long-Arm Statute, KRS § 454.210. The Secretary of State sent the summons and complaint to New Malwa via certified mail on October 7, 2008. On November

1

7, 2008, the case was removed from Hart Circuit Court to this Court pursuant to 28 U.S.C. § 1446(d). The Defendant now seeks to dimiss for failure of service of process.

## II. DISCUSSION

A court may not exercise personal jurisdiction over a defendant until that party has been properly served with process. Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). Under the Federal Rules of Civil Procedure, service "upon a . . . foreign corporation . . . shall be effected . . . in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) . . . . [including] any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention . . ." Fed. R. Civ. P. 4(h); Fed. R. Civ. P. 4(f)(1).

Defendant argues that Plaintiff failed to properly effect service of process in this case by sending the summons to New Malwa via certified mail through the Kentucky Secretary of State pursuant to Kentucky's Long-Arm Statute, KRS § 454.210. Plaintiff, for his part, contends that service of process was valid under Article 10(a) and Article 19 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). The Court considers these arguments in turn.

    A.  Article 10(a)

The Hague Convention is a multinational treaty designed "to ensure that judicial and extrajudicial documents [] served abroad [are] brought to the notice of the addressee in sufficient time." Uppendahl v. American Honda Motor Co., 291 F.Supp.2d 531, 532 (W.D. Ky. 2003) (quoting Hague Convention Preamble, November 15, 1965, 20 U.S.T. 361, 362).

Under Article 10 of the treaty, so long as "the State of destination does not object, the present Convention shall not interfere with-(a) the freedom to send judicial documents, by postal channels, directly to persons abroad . . ." Id.

Plaintiff argues that this "freedom to send judicial documents" includes service of process. In support of his position, he directs the Court to the Northern District of Ohio's decision in Sibley v. Alcan, Inc., 400 F. Supp. 2d 1051, 1055 (N.D. Ohio 2005). There, the court held that "send" included "service of process" primarily because of what it called the "implicit understanding of the delegations" as reported by the Practical Handbook on the Operation of the Hague Convention. Id. Other courts have used similar logic to reach the same conclusion. See Brockemeyer v. May, 383 F.3d. 798, 802 (9th Cir. 2004); Ackerman v. Levine, 788 F.2d 830, 838 (2nd Cir. 1986); Heredia v. Transport S.A.S., Inc., 101 F. Supp.2d 158 (S.D.N.Y. 2000).

However, the majority of courts in this circuit, including this Court, have taken a contrary view. The reason, in short, is that the plain language of the treaty precludes reading "send" to include "service of process" such that reference to external sources is unwarranted. See Moore v. Irving Materials Inc., 2007 WL 2081095, at *5-6 (W.D. Ky. 2007); Cupp v. Alberto-Culver USA, Inc., 308 F. Supp.2d 873, 880 (W.D. Tenn. 2004); Uppendahl v. American Honda Motor Co., Inc., 291 F. Supp.2d 531 (W.D. Ky. 2003); Wilson v. Honda Motor, Co., LTD., 776 F. Supp. 339, 342 (E.D. Tenn. 1991). The Fifth and Eighth Circuits have agreed. Nuovo Pignone v. Storman Asia M/V, 310 F.3d. 374, 384 (5th Cir. 2002); Bankston v. Toyota Motor Corp., 889 F.2d. 172, 173-174 (8th Cir. 1989). The Court

therefore finds that Plaintiff's sending of a copy of the summons and complaint by registered mail to New Malwa in Canada is not a method of service permitted by 10(a) of the Hague Convention.[1]

B.  Service of Process under Article 19

Plaintiff alternatively contends that service is proper under Article 19 of the Hague Convention because service by direct mail is authorized under internal Canadian law, i.e., Ont. R. Civ. P. 16.  Defendant, on the other hand, argues that Rule 16 does not authorize international service by direct mail for purposes of Article 19, and, in any case, Plaintiff failed to comply with the rule.  The Court addresses these claims below.

1.  International Service By Direct Mail Under Ont. R. Civ. P. 16

Article 19 makes clear that methods for international service otherwise authorized by member states are not supplanted by the Hague Convention.  Rather, to the "extent that the internal law of a Contracting State permits methods of transmission . . . of documents coming from abroad, for service within its territory," Article 19 tells us that "the present Convention shall not affect such provisions." Hague Convention art. 19, Nov. 15 1965, 20 U.S.T. 361; see also Paracelsus Healthcare Corp. v. Philips Medical Systems, Nederland, B.V., 384 F.3d

---

[1] Even if 10(a)'s "sending of judicial documents" was read to include "service of process," however, there would still seem to be a question of whether the provision "authorizes" such service under Rule 4(f)(1) rather than merely permits it. See Fed. R. Civ. P. 4(f)(1) (providing that service can be effectuated by "any *internationally agreed* means reasonably calculated to give notice, such as those means *authorized by* the Hague Convention"). After all, Article 10(a) simply states that the "present Convention *shall not interfere with the freedom to* send judicial documents." Hague Convention art. 10, Nov. 15 1965, 20 U.S.T. 361 (emphasis added); cf. Sibley v. Alcan, Inc., 400 F. Supp. 2d 1051, 1055, n.8 (N.D. Ohio 2005) (holding that service by registered mail is authorized by some combination of 10(a) and 4(f)(1)).

492, 496 (8th Cir. 2004); Thomas & Thomas Rodmakers, Inc. v. Sharpe's, Inc., 2007 WL 1057382, *6 (S.D. Ohio 2007).

Here, the parties agree that the relevant internal Canadian law is Ont. R. Civ. P. 16. Defendant, however, contends that Rule 16 is not the type of law contemplated by Article 19 because it does not authorize methods for international service in Canada. The Court agrees. Article 19 leaves intact internal laws that permit "methods of transmission . . . coming from abroad." Hague Convention art. 19, 20 U.S.T. 361. It does not transform internal methods of intrastate service into methods of interstate service. Thus, because Ontario Rule of Civil Procedure 16 does not authorize the use of registered mail for international service of process in Canada, Plaintiff has not shown that his service was proper under internal Canadian law for purposes of Article 19. See Ont. R. Civ. P. 16.

2. Plaintiff's Service Under Ont. R. Civ. P. 16

Even if Ont. R. Civ. P. 16 provided for international service in Canada by direct mail, however, Plaintiff failed to comply with the rule. Plaintiff suggests that he satisfied Ont. R. Civ. P. 16.03(6) and 16.03(4) because the summons was sent in care of Director Gursewak Singh to its "Registered Office Address" at 6984 Amour Terrace, Mississauga, Ontario, Canada, L5W1G5. However, as Defendant correctly argues, Plaintiff's service was improper because he did not attempt to personally serve New Malwa for purposes of 61.03(6) and because he did not comply with the receipt provisions of 16.03(4).

5

(a) Service on a Corporation, 16.03(6)

To take advantage of the alternative to personal service provided in 16.03(6), a plaintiff must first attempt personal service. It is only after the "head office, registered office or principal place of business of a corporation . . . cannot be found" that "service may be made on the corporation by mailing a copy of the document." Ont. R. Civ. P. 16.04(6). Here, Plaintiff has not alleged that he attempted personal service. Thus, his attempt to serve Defendant by mail to the corporation's address does not comply with 16.03(6).

(b) Service by Mail to a Last Known Address, 16.03(4)

A plaintiff may effectuate service of process under 16.03(4) by sending a copy of the document "together with an acknowledgement of receipt card (Form 16A) by mail to the last known address of the person to be served." Ont. R. Civ. P. 16.03(4) Service under this provision becomes effective "as of the date the sender receives the card." Id. In this case, Plaintiff has not alleged that Form 16A was sent by the Kentucky Secretary of State along with the summons and complaint or that he received a receipt card for such service. Accordingly, the Court finds that Plaintiff has failed to show that service was proper under 16.03(4). Cf. Basham v. Tillaart, 2003 WL 21780974, *5 (Tenn. Ct. App. 2003) (finding that service was deficient under ORCP 16.03(4), because plaintiff's mailing failed to include "an acknowledgement of receipt card").

Having found that Plaintiff failed to properly serve New Malwa, the Court hereby quashes the summons. See Stern v. Beer, 200 F.2d 794, 795 (6th Cir.1953) ("if the first

6

service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later"); Moore v. Irving Materials Inc., 2007 WL 2081095, at *6 (W.D. Ky. 2007); 5A charles Alan Wright & Arthur R. Miller, Federal Practice And Procedure § 1354 (2d ed. 1990 & Supp.2003) (courts generally quash ineffective service and preserve the action when there is "a reasonable prospect that plaintiff ultimately will be able to serve defendant properly."). Plaintiff has leave to correct service within 90 days.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to quash is **GRANTED**.

cc: Counsel of Record