# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

**CIVIL ACTION NO.: 1:08CV-166-M**

**MICHAEL W. HUMBLE**                                       **PLAINTIFF**

**v.**

**SANDEEP S. GILL AND**
**NEW MALWA EXPRESS, INC.**                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant New Malwa Express, Inc.'s ("New Malwa") second motion to quash [DN 17]. Fully briefed, the matter is ripe for decision. For the reasons that follow, New Malwa's motion is **DENIED**.

### I. FACTS

The plaintiff, Michael W. Humble ("Humble"), filed this negligence action against Sandeep S. Gill and New Malwa. Humble previously attempted to serve process upon New Malwa, a Canadian company, by sending a summons and complaint to the Kentucky Secretary of State pursuant to the state's Long-Arm Statute, KRS 454.210. Humble requested that the Secretary serve New Malwa at its place of business in Canada. This Court quashed the summons because Humble's attempted service did not comply with the Hague Convention. Humble has again attempted to serve process upon New Malwa pursuant to Kentucky's Long-Arm Statute. Humble sent a summons and complaint to the Secretary of State requesting that the Secretary serve New Malwa's agent for service of process in South Dakota. New Malwa contends that service in this manner does not comply with the Long-Arm Statute.[1]

---

[1] In his brief, Humble indicated that he was planning to serve New Malwa via the company's process agent located in Kentucky. It appears that this service of process was completed

## II. DISCUSSION

A court may not exercise personal jurisdiction over a defendant until that party has been properly served with process. Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). Under the Federal Rules of Civil Procedure, "a domestic or foreign corporation . . . must be served . . . in a judicial district of the United States . . . in the manner prescribed by Rule 4(e)(1) for serving an individual . . . ." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1), in turn, provides that an individual, and therefore a corporation, may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ." Fed. R. Civ. P. 4(e)(1). The Hague Convention is not implicated under these circumstances because documents related to service of process are not transmitted abroad. See Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 707 (1988). Instead, service is complete in the United States upon serving the defendant's domestic agent. As long as this attempted service complies with state law and the Due Process Clause, the Court's inquiry ceases. See id. ("Where service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Convention has no further implications").

Under Kentucky's Long-Arm Statute, the Secretary of State is deemed to be a non-resident defendant's statutory agent for service of process if the defendant has certain minimum contacts with Kentucky that give rise to a cause of action here. See KRS 454.210(3)(a). A plaintiff may then serve process upon the non-resident defendant by serving a copy of the summons and complaint upon the Secretary. See KRS 454.210(3)(b). The Secretary then serves the defendant by sending

---

via certified mail on April 9, 2009. (See DN 22.) Therefore, the second motion to quash may be moot.

2

these documents "to the defendant at the address given in the complaint." Id. New Malwa argues that the Secretary did not mail a copy of the summons and complaint "to the defendant" within the meaning of the Long-Arm Statute when it sent the documents to New Malwa's process agent. Instead, New Malwa contends that the Secretary was required to send the pertinent documents to its headquarters in Canada, implicating the Hague Convention.

The Court disagrees. New Malwa would have the Court read the phrase "to the defendant" in the Long-Arm Statute as requiring service by the Secretary upon the corporate entity itself. However, a corporation is "an artificial entity" that "cannot be personally served with process . . . ." 19 Am. Jur. 2d Corporations § 1901; Dade Erection Svc., Inc. v. Sims Crane Svc., Inc., 379 So. 2d 423, 425 (Fla. Dist. Ct. App. 1980) ("Because it is a fictional entity, strictly speaking there can be no personal service on a corporation."). Instead, a corporation "can be served only through an officer or agent of the company, or someone designated by law to receive service of process in its behalf." Id.; Eureka Lake & Yuba Canal Co. v. Superior Court, 116 U.S. 410, 416 (1886) ("A corporation can only be served with process through some officer or agent"). Therefore, "the word 'defendant' in a rule governing service of process must be interpreted broadly to apply to both the actual corporate defendant *and to any proper agent for service*." 9 William Meade Fletcher, Fletcher Cyclopedia of the Law of Corporations § 4424 (emphasis added).

In determining who is a proper agent for service under the Long-Arm provisions, the Court must read the statute in conjunction with the Kentucky Rules of Civil Procedure ("CR"). See 11 Leslie W. Abramson & James R. Cox, Kentucky Practice Series: Civil Procedure Forms § 2:10. CR 4.04 provides that "[s]ervice shall be made upon a corporation by serving an officer or managing agent thereof, or the chief agent in the county wherein the action is brought, *or any other agent*

3

*authorized by appointment or by law to receive service on its behalf.*" CR 4.04(5) (emphasis added). This is a commonsense rule. "'If the interpretation were permitted that the corporation could be validly served by addressing the certified envelope merely in the corporate name to be delivered at the home office, there would be too much risk that the process would not find its way into the hands of a responsible person.'" Foremost Ins. Co. v. Whitaker, 892 S.W.2d 607, 610 (Ky. Ct. App. 1995) (quoting 6 Kurt A. Philipps, Jr., et al., Kentucky Practice Series: Rules of Civil Procedure § 4.04). Pursuant to 49 U.S.C. § 13304(a), New Malwa was required to "designate an agent in each State in which it operates by name and post office address on whom process issued by a court with subject matter jurisdiction may be served in an action brought against that carrier[2] . . . ." The regulations promulgated under § 13304(a) permit a carrier to make a blanket designation of a process agent company if the company has agents located in every state. 49 C.F.R. § 366.5. It appears that New Malwa designated Process Agent Service Company, Inc. ("PASC") as its blanket process agent under § 13304(a). PASC has identified an agent for service of process in every state including South Dakota. Because New Malwa authorized PASC by appointment to receive service of process on its behalf, service of process was valid and complete under Kentucky's Long-Arm Statute upon serving the company's agent in South Dakota via the Kentucky Secretary of State.[3]

---

[2]     New Malwa has not challenged the applicability of this statute or underlying regulations. It merely contends that service upon the agent designated under this statutory provision is impermissible under Kentucky's Long-Arm Statute.

[3]     Having determined that service of process was valid and complete under Kentucky's Long-Arm Statute, the Court need not determine whether service was also proper under Federal and South Dakota law.

## III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by the defendant, New Malwa Express, Inc., to quash [DN 17] is **DENIED**.

cc:    Counsel of Record